Leiasa Louise Beckham, DIP
(Pro Se / AI-Assisted)
**Federally Protected Witness with Enhanced Anti-Retaliation Protections**
(31 U.S.C. § 3730(h) / 26 U.S.C. §§ 7623, 6015 / 15 U.S.C. § 78u-6)
824 Green Street, San Francisco, CA 94133
Phone: 415.310.2319 |Email: Leiasadivorce@gmail.com

FILED
NOV 25 2026
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES OF BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| In Re; | ) | Case No. 26-30686-HLB |
| | ) | |
| Leiasa Louise Beckham | ) | Chapter 11 |
| | ) | |
| Debtor | ) | DEBTOR'S STATUS CONFERENCE STATEMENT |
| | ) | |
| | ) | Date: December 7, 2026 |
| | ) | Time: 10:00 a.m. PST |
| | | Location: Courtroom 19 / Via Zoom |
| | | Judge: Hon. Hannah L. Blumenstiel |

**1. Background and Material Developments**

Debtor incorporates by reference her prior Status Conference Statement (Case No. 26-30686, Doc. #35, pp. 1–4) and Periodic Report (Doc. #29, pp. 30–31); post-October 1, 2026 material developments are detailed below.

**2. Plan Schedule**

By December 2, 2026 (Day 120), Debtor will file her Combined Chapter 11 Plan and Disclosure Statement (**RESTORE Plan**) on the NDCA individual form (B.L.R. 3017-1), satisfying 11 U.S.C. § 1121(b) and extending exclusive solicitation through February 1, 2027 (11 U.S.C. § 1121(c)(3); Fed. R. Bankr. P. 9006(a)).

**3. Plan Outline**

Following the seven-part NDCA Individual Combined Plan: (I) **Short-Term (Parts 1–4):** appoints an independent Chapter 11 Trustee (§ 1104(a)) to freeze insider access and cure secured

arrears from recurring rents (Part 1), classifies unsecured claims (Part 2), pays priority tax (§ 507(a)(8)) and administrative (§ 503(b)) claims in full (Part 3), and enforces S.F. Rent Ordinance compliance with auto-deposits into DIP accounts (Part 4); (II) **Mid-Term (Parts 5–6):** governs vesting (§ 1141(b)) and discharge (Part 5), and sets default remedies while federal cooperation recovers concealed stocks, bonds, and trusts (Part 6); and (III) **Long-Term (Part 7):** assumes and services the 30-year loans on (1) 1284–1288 California Street and (2) 812–816 Green Street, pays off (3) 824 Green Street for sole innocent-owner title, and reinstates Dunham Properties.

**4. Insurance**

Status under 11 U.S.C. § 1112(b)(4)(C): (1) **1284–1288 California Street — Active (Cured Oct. 22, 2026):** Co-Borrower allowed September pending cancellation before paying $1,835.10; U.S. Trustee Region 17 is listed as notice party, Debtor's name is restored, and an updated COI was sent to Chase; (2) **812–816 Green Street — Active (Cured Late Oct. 2026):** Co-Borrower allowed September lapse before selectively paying; U.S. Trustee Region 17 is a notice party and Debtor's name is restored; (3) **824 Green Street Canceled Sept. 26, 2026 (Rewrite Pending):** Co-Borrower intentionally allowed Debtor's residential policy to cancel (confirmed Oct. 28, 2026); Debtor notified Chase Oct. 29, 2026 and is rewriting coverage; and (4) **2010 Volvo XC90Active (Paid by Son):** Co-Borrower ATROs violation, son continues to pay.

**5. Professional Retention**

Debtor remains *in pro per* (Doc. #35, p. 3). Subject to Court approval (11 U.S.C. § 327(a); B.L.R. 2014-1), Debtor is finalizing an independent property manager (budgeted at 6.0%, or $23,922.36/year / $1,993.53/month gross, based on Co-Borrower's 2019 QuickBooks gross rent of $398,705.92 under reservation of rights, Doc. #29, p. 24) and a CPA with read-only bank feeds. Upon Court approval of the property manager, Debtor will open three Chase DIP business



Case: 26-30686 Doc# 44 Filed: 11/25/26 Entered: 11/25/26 14:45:11 Page 2 of 5

accounts (B.L.R. 2015-1) titled *Leiasa Louise Beckham, Debtor-in-Possession* for: (1) **1284–1288 California Street**; (2) **812–816 Green Street**; and (3) **824 Green Street** (Dkt. #23, p. 7).

**6. Post-Petition Financials**

Debtor's Periodic Report and MORs are filed under reservation of rights.

**7. Pending Litigation**

(I) **Law Enforcement Disclosures (DOJ / FBI / OIG / IRS-CI / SFPD Case No. 250086919) [Active]:** November 11 and 24, 2026 disclosures regarding falsified 2022–2025 Schedule K-1s underlying IRS Proof of Claim 3-1, 2016–2017 Santa Cruz cash withdrawals (Doc. #42), and witness retaliation (31 U.S.C. § 3730(h)). (II) ***U.S. v. 1850 Bryant Land LLC*, Case No. 3:21-cv-05742 (N.D. Cal.) [Closed Mar. 31, 2026]:** via government-consented Rule 41(a) dismissal without prejudice to the government (Dkts. 152, 153, 155; Doc. #35, pp. 9–12); Debtor's § 3730(h) protections remain in force. (III) ***Dunn v. Beckham*, Case No. FDI-22-796021 (S.F. Super. Ct.) [Active / No Hearings]:** Off calendar October 5, 2026 (CCP § 583.360); February 4, 2022 ATROs (Doc. #35, pp. 63–64) and May 25, 2023 Order remain in force. Under the May 11, 2018 First Republic Note and Deed of Trust (Loan No. ending in 31-3, pledging 1284–1288 California Street as *"Additional Security"* for 824 Green Street) and U.S. Trustee filings (Case No. 24-30067, Dkt. 163, p. 7; Doc. #35, p. 40), 100% of net rent from 1284–1288 California Street offsets the 824 Green Street mortgage, with any gap covered by 812–816 Green Street (including Co-Borrower's 50% rental allocation under Paragraph 15 of the May 25, 2023 Order for living rent-free at 812 Green Street, and Paragraphs 8–10 dedicating 1284–1288 California Street's equity to cure 824 Green Street). Violating 11 U.S.C. § 362(a)(3), § 541, court orders, and May 11, 2018 loan covenants (Deed of Trust §§ 5, 7, 18; 1–4 Family Rider Covenants D, G, H, I; Auto-Debit/Direct Deposit Agreements), Co-Borrower disabled auto-debits, withheld 100%

of rents/leases, suppressed 812–816 Green Street rents (Doc. #42; Sections 12 & 14), canceled 824 Green Street insurance, altered titles, and dropped Volvo XC90 insurance. (IV) ***Surf Common Ground Funding, LLC v. Beckham*, Case No. CGC-23-607290 (S.F. Super. Ct.) [Active]:** Violating 11 U.S.C. § 362(a)(1), Co-Borrower filed three post-petition Motions to Dismiss without stay relief; following off-calendar rulings (Sept. 8 & Oct. 27, 2026), his Third Motion is set for December 8, 2026 (Dept. 302) ahead of a December 22, 2026 OSC (Dept. 610). (V) ***Dunham Properties LLC v. Surf Common Ground Funding, LLC*, Case No. CGC-26-639411 (S.F. Super. Ct.) [Active / Unserved]:** Unauthorized suit filed July 27, 2026, by Co-Borrower and insider Andrew Dunn without member consent (Operating Agreement § 4.2) while control is disputed (Doc. #29, pp. 33–34; Doc. #35, pp. 55–61). Violating 11 U.S.C. § 362(a)(3) and ignoring Debtor's August 14, 2026 demand, insiders obtained a Summons (Aug. 11, 2026), extended service (Sept. 29, 2026), and set a January 6, 2027 without proof of service.

**8. 341(a) Meeting & UST Compliance**

Debtor remains compliant with U.S. Trustee directives and filed Amended Schedules

**9. DIP Accounts, MORs & Taxes**

Debtor is current on all MORs. On November 11, 2026, Debtor notified the IRS-CI that Proof of Claim 3-1 relies on falsified 2022–2025 Schedule K-1.

**10. Cash Collateral & Credit**

Debtor is not using cash collateral or seeking credit (11 U.S.C. §§ 363, 364), reserving all rights. Activation of the three Chase DIP accounts and any § 363 motion will follow Court approval of a property manager (§ 327(a)). On November 24, 2026, Debtor initiated a Chase mortgage assistance review for reinstatement/payoff quotes.



Case: 26-30686 Doc# 44 Filed: 11/25/26 Entered: 11/25/26 14:45:11 Page 4 of 5

**11. Automatic Stay**

The automatic stay (11 U.S.C. § 362(a)) took effect August 4, 2026, and remains in full force.

**12. Executory Contracts & Leases**

Upon Court approval of a property manager, lease addenda will direct automatic rent deposits into segregated DIP accounts; no lease motions are pending. Known leases are scheduled in Amended Schedule G (Doc. #42): (1) **1284–1288 California Street (3 Units):** Rent-controlled leases subject to 1–4 Family Riders, withheld by Co-Borrower; (2) **812–816 Green Street (3 Units):** Rent-controlled leases withheld by Co-Borrower, who occupies 812 Green Street rent-free while his mother occupies 816 Green Street at $4,000.00/month after 11 years without increases, leaving banked rent increases recoverable under S.F. Rent Board Reg. § 4.12; and (3) **824 Green Street:** Owner-occupied residence; no leases exist.

**13. Unique Estate Issues**

On October 1, 2026, Chase identified third-party investors who previously blocked 1–4 Family Rider rent-assignment compliance (Chase Case No. ending in 01-R3; Doc. #35, p. 3). Debtor's protected witness (31 U.S.C. § 3730(h)) and innocent spouse (26 U.S.C. § 6015) status requires an independent Chapter 11 Trustee (§ 1104(a)) to protect Debtors' assets from civil forfeitures.

**14. Unusual Developments**

While reconstructing records, Debtor uncovered unusual 2016–2017 cash withdrawals from **Dunham Properties, LLC's** Santa Cruz operating account violating operating agreements and loan covenants prohibiting cash transactions. Debtor scheduled these claims in Amended Schedule A/B (Doc. #42) and submitted sworn disclosures to federal authorities on November 24, 2026, corroborating Co-Borrower's rent diversion, unit undercounting, and title manipulation (Doc. #29, pp. 4, 9–28; Doc. #35, pp. 47–50; Doc #42, pg.33 format correction forthcoming).

I declare under penalty of perjury under the Laws of United States of America that the foregoing statements are true and correct



Case: 26-30686 Doc# 44 Filed: 11/25/26 Entered: 11/25/26 14:45:11 Page 5 of 5